SHORTESS, Judge.
Livingston Bank (plaintiff) brought suit on a promissory note in the principal sum of $17,000.00, dated November 1, 1985, payable in 90 days, signed by Leroy Come-na (defendant), and secured by the pledge of a mortgage note and mortgage on property owned by defendant. The suit was filed by executory process but was later converted to an ordinary proceeding. Defendant filed an answer and reconventional demand to the bank’s suit, alleging that while he did sign the note, he did not receive the full amount of the proceeds, other than $2,500.00 which he received on November 1, 1985.
In his reconventional demand, defendant alleged that the bank paid $14,500.00 of the loan proceeds to Salarius Brown on November 4, 1985, without his permission, knowledge, consent, or acquiescence. Defendant alleged that he had no knowledge that the $14,500.00 was paid to Brown until he received notice that his property was being seized pursuant to the original executory process suit filed by plaintiff.
The bank answered the reconventional demand, asserting that defendant agreed to, and had knowledge of, the disbursement of part of the funds to Salarius Brown to assist Brown in payment of some outstanding debts of his own, and as a partial advance payment on the purchase of Brown’s house by Comena.
*499 Before trial, defendant filed a third party demand against Brown; however, he did not answer, and the trial court granted defendant the right to proceed by default after legal delays had expired. The trial court rendered judgment in plaintiffs favor for $17,000.00 together with interest, attorney fees, and costs. It further recognized Livingston Bank’s privilege on defendant’s property under its mortgage and ordered the property to be sold under writ of fieri facias in due course. Defendant appeals from this judgment.
On appeal, briefs were filed by defendant and by Federal Deposit Insurance Corporation (FDIC). FDIC asserted in its brief that on March 16, 1989, the Commission of Financial Institutions for the State of Louisiana declared Livingston Bank to be in unsafe and unsound condition, and therefore appointed the FDIC as receiver of Livingston Bank under LSA-R.S. 6:391. Subsequently, on the same day, the FDIC in its corporate capacity acquired certain assets of Livingston Bank from the FDIC as receiver, including the Comena note and plaintiff’s rights under the judgment. Defendant’s brief, filed on April 21, 1989, assigned as error the trial court’s decision for plaintiff and argued that the issue on appeal was whether the bank had authority to disburse funds from defendant’s note to a third party. It failed to make any arguments whatsoever as to the FDIC, which asserts that under federal law, defendant’s defenses are inapplicable to it.
Here there is no question that defendant did not receive any funds from this loan other than $2,500.00; he has testified that he did not authorize the disbursement of the proceeds to Brown, and in fact, from his testimony and that of others, it appears that defendant was not sure what he was getting himself into when he signed the note and mortgaged his property as security for the loan. Brown and plaintiff’s loan officer Keith Breaux, on the other hand, were aware that the $14,500.00 was to be used to liquidate Brown’s debts. There was no written authorization for this payment, and the Commercial Loan Memorandum shows only that the funds were to be used for the sale of Brown’s house and that ultimately the loan would be repaid out of funds received through permanent financing of the sale of the house.
We believe that justice will be best served by remanding this case to allow the FDIC to properly substitute itself as a party plaintiff. Then the case may be re-litigated between the real parties in interest. We have done extensive research into the FDIC’s allegations concerning the applicability of 12 U.S.C. Section 1823(e) to this case.[1] In addition to Langley v. Federal Deposit Insurance Corporation, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987), we believe that Grubb v. Federal Deposit Insurance Corporation, 868 F.2d 1151 (10th Cir.1989), and Olney Savings & Loan Association v. Trinity Banc Savings Association, et al., 885 F.2d 266 (5th Cir.1989) may be relevant to a determination of that issue; however, in light of the procedural posture of the case, we will abstain from any consideration on the merits. Costs will await final disposition of this case.
REMANDED.

. 12 U.S.C. Section 1823(e) reads as follows:
"(e) Agreements against Interests of Corporation
No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement—
(1)is in writing,
(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
(4) has been, continuously, from the time of its execution, an official record of the depository institution.”